9872-1

# IN THE UNTED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**FUNDACION DR. MANUEL DE LA PILA IGLESIAS, Inc.**<br><br>　Debtor-in-possession | CASE NO.    07-04459 (BKT)<br><br>Chapter 11 |

### RESPONSE TO CESAR CASTILLO, INC.'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND REQUEST FOR ORDER DIRECTING IMMEDIATE PAYMENT THEREOF

**TO THE HONORABLE COURT:**

**COMES NOW FUNDACIÓN DR. MANUEL DE LA PILA IGLESIAS, INC.**, by and through its undersigned counsel, most respectfully requests the Court to take note of the following:

### BRIEF PROCEDURAL HISTORY

1.　On June 10, 2010, Cesar Castillo ("Movant") filed a Motion for the allowance of certain administrative expense and requested that Debtor be ordered to pay said amounts immediately.  See *Dkt. 1387*.

2.　In its Motion, Movant claims there was a post-petition credit agreement which stated that Debtor would pay within thirty days of receipt of the goods.  Pursuant to that alleged credit agreement, Movant is requesting that the Court order Debtor to pay the claimed amounts immediately.

3.　Debtor respectfully disagrees with Movant and requests that the Court approve Movant's administrative claim and order that it be paid with the rest of the administrative claims according to the Plan for the following reasons:

　　a.　In first place, no post-petition credit agreement between the parties was filed with the

-1-

*In re: Fundación Dr. Manuel de la Pila Iglesias, Inc.*
*Case No. 07-04459 (BKT)*

    Court nor was any such post-petition credit agreement approved by the Court. The Hospital's debt with Movant is an administrative claim like any other, with no super priority or any other additional protection which might have granted it a superior priority.

  b. Secondly, the approved Disclosure Statement and the Plan of Reorganization provide for the payment of administrative claims in the order prescribed by the Bankruptcy Code. As such, it will be paid by the Plan Administrator along with all other administrative claims when the funds to do so become available. Movant voted for the Plan.

  c. Finally, Movant is part of the Unsecured Creditor's Committee and is represented by qualified and competent bankruptcy attorneys. As such, he was or should have been aware of the risks involved in providing credit to a bankruptcy debtor and the treatment it would eventually receive as part of the bankruptcy process.

  4. In view of the aforesaid, it is hereby requested that Movant's administrative claim be allowed, but that its request for immediate payment be denied.

**WHEREFORE**, it is respectfully requested that this Honorable Court take note of the above and approve Movant's administrative claim and DENY Movant's request for immediate payment.

In San Juan, Puerto Rico this 11th day of June of 2010.

**CERTIFICATE OF SERVICE: I hereby certify** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/EMF.

       */s/ Rafael A. González Valiente*
       **USDC No. 225209**
       ***Counsel for Fundación Dr. Manuel de la Pila***
       **L**ATIMER**, B**IAGGI**, R**ACHID **& G**ODREAU
       **PO Box 9022512**
       **San Juan, PR 00902-2512**
       **Tel. (787)724-0230 Fax (787) 724-9171**
       **E-mail: rgonzalez@lbrglaw.com**