9872-1

IN THE UNTED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

FUNDACION DR. MANUEL DE LA PILA IGLESIAS, Inc.

Debtor-in-possession

CASE NO.  07-04459 (BKT)

Chapter 11

MOTION FOR THE APPOINTMENT OF PLAN ADMINISTRATOR

TO THE HONORABLE COURT:

Comes now FUNDACIÓN DR. MANUEL DE LA PILA IGLESIAS, INC., by and through its undersigned counsel, most respectfully requests the Court to take note of the following:

1. On January 29, 2010, this Honorable Court entered an Order confirming Debtor's and Unsecured Creditor's Committee Third Amended Joint Disclosure Statement. (Docket #1125)

2. Based on the terms of the confirmed plan, the Court has to appoint a Plan Administrator.

3. After a thorough consideration of several candidates, Debtor's Board of Directors submits the firm of Lugo Mender & Co. for the consideration of the Court as Plan Administrators.

4. The terms of the appointment are included in the attached professional services proposal and contract. *See Exhibit 1.*

**WHEREFORE**, it is respectfully requested that this Honorable Court take note of the above and approve the appointment of the firm of Lugo Mender & Co. as Plan Administrators.

**WITHIN TEN (10) DAYS AFTER SERVICE** as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, **SHALL**

*In re: Fundación Dr. Manuel de la Pila Iglesias, Inc.*
*Case No. 07-04459 (BKT)*

**SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER** with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. **IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED** unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In San Juan, Puerto Rico this 24th day of June of 2010.

**CERTIFICATE OF SERVICE: I hereby certify** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/EMF.

*/s/ Rafael A. González Valiente*
**USDC No. 225209**
*Counsel for Fundación Dr. Manuel de la Pila*
LATIMER, BIAGGI, RACHID & GODREAU
PO Box 9022512
San Juan, PR 00902-2512
Tel. (787)724-0230     Fax (787) 724-9171
E-mail: rgonzalez@lbrglaw.com

G:\RGonzalez\Dr Pila\Motion Plan Administrator.wpd

# LUGO MENDER & CO.
### LEGAL AND FINANCIAL CONSULTANTS

CENTRO INTERNACIONAL DE MERCADEO • CARR 165 TORRE 1 SUITE 501 • Guaynabo, PR 00968
Tel (787) 707-0404 • Fax (787) 707-0412 • WEB: WWW.LUGOMENDER.COM

June 9, 2010

Fausto D. Gadrau-Zayas
Counsel for Debtor
Latimer, Biaggi, Rachid & Godreau, LLP
PO Box 9022512
San Juan, P.R.. 00902-2512

Dear Attorney Godreau-Zayas:

I appreciate the opportunity to present our qualifications and proposal to serve as *Plan Administrator*, as this appointment is defined in Article II Section 2.6 of the confirmed Chapter 11 Plan of Reorganization of the bankruptcy case of *Fundación Dr. Manuel de la Pila Iglesia Inc. aka Hospital Dr. Pila aka Villa Ponce Housing* (07-04459 BKT)

From our review of the applicable provisions of the confirmed plan we understand that the Plan Administrator shall be the person designated to distribute the proceeds of the sale of certain assets in accordance with the Reorganization Plan filed and confirmed by the Court. The Plan Administrator may also review and object, to the extent necessary, claims and expenses to be paid pursuant the terms of the plan.

We have preliminary discussed management's concerns and met with key personnel to discuss the objectives of completing the distribution of proceeds as detailed in the confirmed plan and in the order issued by the Honorable Bankruptcy Court on February 17, 2010.

## *SCOPE OF WORK*

You have contacted this firm with regard to engaging us to assist as Plan Administrator in the reorganization process of **Fundación Dr. Manuel de la Pila Iglesia Inc. aka Hospital Dr. Pila aka Villa Ponce Housing,** case no. 07-04459 BKT. Upon approval by the Honorable Court, we will act and serve as *Plan Administrator* as this position is defined in Article II Section 2.6 of the confirmed Plan of Reorganization.

Within the immediate tasks to be accomplished will be to open and operate a Distribution Account with the proceeds collections of the sale to be used for the payment of debtor's creditors and an Operating Account for the purpose of paying the Post-Effective date expenses.

In addition, we will execute all duties detailed in the confirmed Plan of Reorganization entrusted to the Plan Administrator, including and not limited to the review and filing of objections of claims that may be filed by debtor, creditors or all parties in interest and file, settle, comprise, withdraw or litigate to judgment objections to claims.

As Plan Administrator, we shall be permitted and intend to retain professionals to assist in the fulfilling of the obligations entrusted by the confirmed plan. From our initial review and assessment we have prepared and enclose a preliminary work plan on administrative matters that need to be accomplished within the first year of administration.

## *CONFLICT OF INTEREST*

I served as Bankruptcy Analyst for the United States Trustee's Office for the District of Puerto Rico since September 8, 1991 to September 15, 1995. Former employees of this agency are prohibited from representing someone else before the government on a particular matter involving specific parties in which they participated **personally and substantially** while working for the government and in which the United States is a party or has a substantial interest. Pursuant to 18 U.S.C. Section 207, 28 CFR 45.735 and 5 CFR 2637, I did not participate substantially in this case.

I do inform you that during the last year and in preparation for the bidding offer conducted in this case, I rendered certain limited consulting services to the legal firm of William Estrella Law Offices, who assisted as legal advisors to the eventual purchaser of the business. This services were limited to the review and classification of outstanding claims in this case and to provide general advice on general confirmation requirements in a reorganization proceeding. I did not participated as attorney in any legal proceeding nor participated in any way in the formulation of the proposals submitted to the Court. Our services were rendered at the request and directly to the law firm and not the purchaser. This relation terminated back in December 2009. I believe that the incidental services rendered to the William Estrella Law Firm posts no conflict or condition of our retention as Plan Administrator in this case.

Moreover, I am currently appointed to the panel of private trustees serving in this judicial district. The appointment to the panel of trustees posts no conflict or condition of this retention as the Plan Administrator in this case.

In addition to the matters described above, I performed a search for any potential conflicts of interest based upon the names of the parties you have provided. I have not found any conflict of interest with respect to any of these parties. Should any additional conflict come to my attention, I will notify you immediately.

3

## *PROFESSIONAL FEES*

In general, we charge our professional services at standard per-diem rates for the actual time we incur on an engagement, plus out-of-pocket expenses. Fees and expenses will be billed and mailed directly to the debtor and are payable within fifteen (15) days of receipt from the funds deposited in the Operating Account. Our fees as the Plan Administrator will be based on the time spent on the engagement at the following hourly rates:

| | |
|---|---|
| Wigberto Lugo Mender, Esq. | $265.00 per hour |
| Associate Staff Attorney | $150.00 per hour |
| Legal and Financial Assistants | $100.00 per hour |

The hourly rates are subject to review with the passage of time upon prior notice. Our next review is scheduled for January 2011.

Our fees and the related out-of-pocket expenses will be billed at this same hourly rates and processed in accordance with the guidelines established by the Court and the U.S. Trustee's Office and paid in the ordinary course of business, as this is defined in the confirmed plan. Fees are to be billed in 1/10 per hour increments.

Now, given the particular conditions of this case and the extended time of the appointment we will be willing to cap our monthly fees in order to fix a maximum compensation amount on actual services to be rendered as Plan Administrator. For services rendered as Plan Administrator, the maximum monthly compensation to be paid will be at a rate of $4,000 per month for the first six months commencing upon the entry of Order approving the appointment and then $2,500 per month thereafter.

We wish to express our appreciation for being considered for this work, and for the time and cooperation provided by you during our meeting. We can assure that, if the work is entrusted to us, it will receive our close and continued attention. I shall be pleased to answer any questions that might arise after you have had the opportunity to review this proposal.

Very truly yours,

Wigberto Lugo Mender

Agreed and Accepted

By:

Name    JOSE CRIADO CESPEDES

Title    PRESDIENT OF BOARD OF DIRECTORS
FUND. DR. MANUEL DE LA PILA, INC.